### S. P. CROSBY v. ST. PAUL LAKE ICE COMPANY.

October 31, 1898.

Nos. 11,288—(32).

**Action for Services—Purchase of Land—Finding Sustained by Evidence.**

    In an action to recover for services in endeavoring to procure for defendant a tract of land suitable for its business, *held*, that the evidence justified the court in finding that the agreement was that plaintiff was only to be entitled to compensation in case his efforts resulted successfully in procuring such tract.

Action in the municipal court of St. Paul to recover $38 for services rendered and disbursements incurred by plaintiff as an attorney at law. The cause was tried before Orr, J., without a jury, and

judgment was ordered for defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*S. P. Crosby*, pro se.

*W. P. Westfall*, for respondent.

MITCHELL, J.

This action was brought to recover for services alleged to have been performed by plaintiff for defendant, and at its request, in endeavoring to secure for it a suitable frontage on Lake McCarron, on which to cut ice. The trial court found for the defendant, and the only question is whether the finding was justified by the evidence.

The evidence is undisputed that there was some sort of contract or agreement on the subject between the parties, and that plaintiff did spend some time and money in efforts to secure for defendant a tract of land having such suitable frontage. It is equally undisputed that plaintiff never did secure any tract which defendant would or did accept. It does appear that plaintiff did find an owner of a piece of land fronting on the lake who was ready and willing to sell or lease it to the defendant, but the evidence, although conflicting, was such as to justify a finding that this tract was not suited, in either size or character, for the purpose of defendant's business.

Of course the foundation of plaintiff's claim to compensation must be a contract for its payment, express or implied, and the whole service contracted for must be rendered before the right to compensation can attach. Plaintiff's version of the contract is, in substance, that he was to receive a reasonable compensation for whatever he did in the way of efforts to procure such a tract of land as defendant desired, whether those efforts were successful or not. On the other hand, defendant's version is that the plaintiff was only to receive compensation in case he procured for it such a tract. Whatever agreement there was between the parties was very informal, consisting merely of one or two brief, casual conversations. The evidence consisted mainly of the testimony of the plaintiff and defendant's agent, who disagreed as to just what was said; but, after examining the entire record, we think the evi-

dence justified the court in finding that defendant's contention as to the terms of the agreement was true. Plaintiff's own testimony lends some aid to this view. In one place he testified that he said to defendant's agent that he thought he could get him just such a piece of land as he wanted, and then added, "If I hustle around and get this for you, what is there in it for me?" to which the agent replied, "We will pay you a reasonable compensation for your services."

Order affirmed.